NOT DESIGNATED FOR PUBLICATION

No. 114,774

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRY J. CLARK,
*Appellant,*

v.

MID-AMERICA LANDSCAPING, INC., and
DOUGLAS D. VEACH,
*Appellees.*

MEMORANDUM OPINION

Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion filed September 9, 2016. Affirmed.

*Terry J. Clark*, appellant pro se.

*Anthony L. Gosserand*, of Van Osdol, PC, of Kansas City, Missouri, for appellees.

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

*Per Curiam*: On September 5, 2013, Terry J. Clark filed an eight-count petition against Douglas D. Veach and Mid-America Landscaping, Inc. (Mid-America), claiming a variety of damages arising from an alleged business relationship. After a bench trial, the district court denied Clark's claims and entered judgment in favor of Veach and Mid-America on all counts. Clark appeals.

FACTS AND PROCEDURAL BACKGROUND

The facts found by the district court describe business relationships that appear complex and loosely documented in about equal measures. All of Clark's claims begin

1

with his assertion that he and Veach had an oral agreement to enter into the landscaping business as "partners." The pretrial order supplemented the petition with the additional contentions that Veach had been working for The Outdoor Professionals, Inc., that Clark knew "the future of The Outdoor Professionals, Inc. was limited," and the desire to continue in the landscaping business led Clark and Veach to that oral agreement.

Clark alleges that agreement took form when Veach incorporated Mid-America Landscaping, Inc. as a Missouri corporation on June 30, 1997, with the understanding that he and Veach would be equal owners. The petition alleged that Clark's mother, identified in the pretrial order as Donna J. Barker, "left" about $100,000 that was used to fund Mid-America's operations, while Veach made no cash contribution to the establishment of the company. Clark claims that he never received 50 percent of the stock of Mid-America.

On the other hand, he alleged Veach converted all the assets Clark "made available" to Mid-America, including Clark's labor for which he was paid less than $500 per year. Clark alleged that in June 2011, equipment "owned by Mid-America Landscaping, Inc." that he had been using through a "working relationship" was removed from his private property without his knowledge or permission. After that, Clark says direct communication with Veach and Mid-America ceased.

Clark's petition made claims for an accounting, breach of contract, breach of fiduciary duty, conversion, unjust enrichment, declaratory judgment, fraud, and negligent misrepresentation. In that initial filing, he asked for a trial to the court.

Veach and Mid-America filed an answer that denied Clark's claims and asserted affirmative defenses, including a contention that all claims were barred by the applicable statutes of limitations.

At the conclusion of the bench trial on June 23, 2015, the district court announced its findings of fact and conclusions of law. The court found that cash and equipment went from Donna J. Barker to The Outdoor Professionals, from which the resources then were transferred to Mid-America, and after that they moved among various other business entities. Continuing, the district judge observed:

"These [money and equipment] moved about rather freely, and the one thing that is clear from the testimony from all of the witnesses is that no one has a clue how the money went back and forth. It looks like it was done for the convenience of each and for whatever purposes they had at the time, and that suited them perfectly fine until it became an issue."

The court found that Clark was, in fact, offered a partnership but:

"[H]e refused to sign the necessary paperwork which would support that he was in fact a partner in Mid-America Landscaping. Clearly, there is no legal entity reflecting Mr. Clark's ownership, participation, directorship, officer [*sic*] or any position in the Mid-America Landscaping company. At best we find that there was a verbal agreement that took place in 1997, and that verbal agreement from best we can determine is that Mr. Veach wanted the same deal that his predecessor got, and that was for Mr. Clark to help them get started in the business. That happened."

The district court noted that Clark said he worked for nothing, but that Clark also said he didn't mind, he never asked for money and money wasn't that important to him. But the district judge also found that, notwithstanding the lack of cash compensation, there was evidence that Clark received other benefits, which the judge summarized:

"[Clark] did at the same time get housing, a car, gas, utilities, cell phone, debit card, the use of which is unclear. There was some discussion about his daughter receiving an education for the work that was not going through him. He got vitamins, which I don't know what that means, and a storage unit. Mr. Clark also stated that he was happy so long as everything was kept equal."

3

Alongside that evidence, Clark presented an expert who testified he was owed $320,950 based on the value of the work he had done.

To assess the statute of limitations defense that was raised, the district court made findings of certain benchmarks. The court found that in 1997 "an arrangement" began between Mid-America and Clark. In 2005-2006, Clark knew of "significant problems" with Mid-America because of financial issues brought to his attention that included failure to file tax returns. Clark testified the tension arising from these problems escalated to the point that by 2007 he and Veach were unable to have meaningful conversations about the business and, in October 2008, Veach was removed from the corporation and took a job with Macy's. The court further found the testimony showed the last work Mid-America did for an outside customer was in 2006 or 2007. Thereafter, all work was done for entities in which Clark had some interest or with which he had a relationship.

The district judge found that from 2008 to a time not long before the petition was filed Clark had representation and made demands based on his knowledge "that things were not as they should be." By May 2011, Clark had all the business computers and he had all the information about Mid-America in his hands.

By the time of trial, Clark had withdrawn his request for accounting that had been count one of the petition. Regarding the count two breach of contract claim, the court found that any contract between Clark and Veach or Mid-America was based on an oral agreement, with a 3-year statute of limitations. The oral agreement was the one in 1997 and the latest date for a breach was October 2008. Thus, the latest date for filing a breach of contract claim passed well before this petition was filed in September 2013.

Count three presented the breach of fiduciary duty claim, which the district court held also to be subject to a 3-year statute of limitations. The court ruled that Mid-America owed no fiduciary duty to Clark and that the time for filing a cause of action based on a

4

fiduciary duty from Veach to Clark expired in October 2011, long before this suit was filed.

The court found that a 2-year statute of limitations applied to Clark's claims based on conversion, fraud, and negligence. The district judge held that the conversion claim in count four failed because Clark did not own the property he alleged was converted. That property never was his, having passed directly from his mother's trust to various entities, the last in line being one in which Clark had no ownership interest. Consequently, there could be no conversion.

The district court found the count five unjust enrichment claim to be murky in its theory, but clear in the result. The court held this claim was subject to a 2-year statute of limitations and also was time-barred. The district judge found that Veach was out of Mid-America by 2008 and nothing changed between then and the filing of this suit in September 2013.

Count six asserted the claim for a declaratory judgment determining Clark had an equal ownership interest. The court held there was no evidence to support such a finding.

Finally, with respect to counts seven and eight, for fraud and negligent misrepresentation, respectively, the district judge found that any cause of action stated in these claims was barred by the 2-year statute of limitations. The court said "those all expire in 2011, because everything was either known or should have been known by that date and time."

The trial court filed its memorandum decision and journal entry of judgment on September 2, 2015. Clark filed a motion to reconsider, which the court denied on October 1, 2015. Clark then timely filed his notice of appeal.

5

ANALYSIS

In his brief, Clark raised five issues: (1) the findings of fact by the trial court were erroneous "creating judicial abuse of discretion"; (2) he had proved by a preponderance of the evidence that none of the counts was barred by a statute of limitations; (3) he had proved by a preponderance of the evidence that he had an oral contract with Veach concerning ownership of Mid-America; (4) he had an agreement with Veach "that [met] the requirements of Promissory Estoppel and should be granted"; and (5) he had proven his conversion and unjust enrichment claims. For the reasons that follow, we find the appeal should be denied and the judgment of the district court affirmed.

Each of the arguments Clark asserts on appeal claims error by the district court in its findings of fact. When a district court's factual findings are challenged, they are reviewed under a substantial competent evidence standard. See *Gannon v. State*, 298 Kan. 1107, 1175, 319 P.3d 1196 (2014). Substantial competent evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. 298 Kan. at 1175.

A review of Clark's first issue serves as a useful basis for considering problems also found in his other claims. Clark first contends the district court erred when it found that starting in 2007 he and Veach were unable to have meaningful business conversations and that Veach was removed from a leadership role in Mid-America in October 2008. Along with other factual claims, Clark argues there were no exhibits supporting the trial court's findings, but there were exhibits showing Veach continued to be involved in operating Mid-America.

Clark's claims alleging error by the district court in its factual findings are not supported by the record on appeal since he has not provided this court with the transcript of the trial. The lack of a trial transcript prevents this court from reviewing any action of

the trial court requiring an examination of the evidence. See *First Nat'l Bank & Trust Co. v. Lygrisse*, 231 Kan. 595, 602-03, 647 P.2d 1268 (1982) ("Where an appellant has failed to procure an official transcript or abstract the testimony of record or reconstruct it in some accepted manner, this court will not review any action of the trial court requiring an examination of the evidence."); Supreme Court Rule 6.02(a)(4) (2015 Kan. Ct. R. Annot. 41) ("The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal."). A party making a claim has the burden to designate facts in the record to support that claim, and when the record is inadequate, the claim of error fails. *Kelly v. VinZant*, 287 Kan. 509, 526, 197 P.3d 803 (2008).

Clark's argument on his first issue fails because he cannot prove that the district court's findings were not supported by substantial competent evidence. We cannot tell what evidence the district court had before it when it found that Veach was removed from his leadership role at Mid-America in 2008. And although Clark included some exhibits in the record on appeal, we cannot tell whether the district court admitted the exhibits at trial.

As with the first issue, the lack of the trial transcript affects each of Clark's other claims of error. Clark argues that he did prove the necessary facts to show the causes of action he asserted were not time-barred. He argues he had an oral contract with Veach concerning ownership. He argues—for the first time on appeal—that he proved sufficient facts to support a claim of promissory estoppel. And he argues he proved the necessary facts to support the counts in his petition claiming conversion and unjust enrichment.

The above analysis on Clark's claim that the district court committed error in its factfinding applies equally to his other appeal issues. Those other issues fail because the arguments are not supported by specific reference to the transcript and because we are wholly unable to assess whether Clark's fact-related claims—whether they are claims of

7

findings unsupported by the evidence or claims of ignoring relevant exhibits—have any merit. The reason for the procedural rules requiring a sufficient record is made clear in this context because no evaluation of Clark's claims of error can be made in the absence of the transcript showing the evidence that was admitted and available to the district judge when he considered his decision. The analysis concerning the first appeal issue, therefore, applies to the others and they must likewise fail.

We separately address the question of Clark's assertion, made for the first time on appeal, that he is entitled to relief based on promissory estoppel. Issues not raised before the trial court generally cannot be raised on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). There are several exceptions to the general rule against first introducing new legal theories on appeal, including (1) that the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) that consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) that the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008), *cert. denied* 555 U.S. 1178 (2009).

Clark claims that this court should consider this issue for the first time on appeal because he felt so strongly he would win on the contract issue that he did not think he needed to present promissory estoppel before the district court. We are not persuaded that any of the exceptions should be applied to allow consideration of this new theory of recovery. We note, however, that promissory estoppel is a theory based in fairness, so that its application is heavily fact driven. *Bouton v. Byers*, 50 Kan. App. 2d 35, 41, 321 P.3d 780 (2014), *rev. denied* 301 Kan. 1045 (2015). Consequently, even if we were to consider this issue, the lack of a trial transcript precludes any review of the evidence that would be essential to evaluating that claim. We decline to consider this new claim.

8

Affirmed.